# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2679

_____

Julia A. Strong,                                    *
                                                    *
            Appellant,                              *
                                                    *    Appeal from the United States
      v.                                            *    District Court for the
                                                    *    Eastern District of Missouri.
America's Center Food Service                       *
Partners/Levy Restaurant Limited                    *        [UNPUBLISHED]
Partnership,                                        *
                                                    *
            Appellee.                               *

_____

Submitted: July 6, 2006
Filed:  July 14, 2006

_____

Before COLLOTON, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

      Julia A. Strong appeals the district court's[1] application of judicial estoppel to bar her employment-discrimination suit.  Satisfied that the district court properly exercised jurisdiction over this case, see Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004), we conclude that the district court did not abuse its discretion in dismissing the case based upon judicial estoppel.  Strong represented in

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

her earlier bankruptcy proceeding that she had no such suit, the bankruptcy court relied on that representation in granting her a no-asset discharge, and allowing Strong to proceed with this claim after her discharge would give her an unfair advantage. See Stallings v. Hussman Corp., 447 F.3d 1041, 1046-49 (8th Cir. 2006) (standard of review; factors informing court's judicial-estoppel analysis); Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1295-96 (11th Cir. 2003) (affirming application of judicial estoppel in action against employer where plaintiff failed to list claims against employer in bankruptcy schedule, "knew about the claims, and had a motive to conceal them from the bankruptcy court" (internal marks omitted)); Burnes v. Pemco Aeroplex, Inc. (In re Burnes), 291 F.3d 1282, 1288 (11th Cir. 2002). Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B. We also deny Strong's request for appointed appellate counsel.

_____